[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover her $1,450. security deposit from the defendant, her former landlord. She CT Page 7168 seeks an award of interest and judgment for twice the value of the security deposit under Conn. Gen. Stat. 47a-21(d)(2).
It is undisputed that the landlord did hold a $1,450. security deposit from the plaintiff and that the plaintiff notified the defendant in mid-June, 1990 that she would be vacating the rented condominium unit at the end of June. Her written notice to the defendant included a request that her security deposit be mailed to her at a forwarding address in Silver Spring, Maryland. Later in June, the plaintiff made an appointment with the defendant to meet her at the condominium on June 29, her moving day, so they could inspect the apartment together and the plaintiff could relinquish her keys. The defendant concededly did not keep this appointment, but sent a representative to pick up the keys. The parties further agree that after moving out, the plaintiff made numerous phone calls to the defendant, attempting to find out when she would receive her security deposit. The defendant concedes that he did not return any of the plaintiff's phone calls because he is a busy person, frequently on the road, and he does not "make it a practice to do phone calls." Virtually all of the remaining material facts are in disputed.
The plaintiff contends that she is entitled to judgment for twice the value of her security deposit because she received no notification from the defendant about the disposition of her security deposit until sometime in early September 1990. At that time, she was living in Texas and she received in the mail from her mother in Silver Spring, Maryland, a letter addressed to the plaintiff in care of the Silver Spring address. The letter was from the defendant. It was postmarked August 23, 1990, and had been sent to the plaintiff's forwarding address in Silver Spring, Maryland by certified mail, return receipt requested. The plaintiff's mother signed the receipt for the letter.
The envelope contained two letters. The first letter was dated August 21, 1990, and it referred to an enclosed copy of a letter dated July 28, 1990. The July 28 letter is addressed to the plaintiff at the Silver Spring address and contains an itemization of alleged damages to the condominium together with the cost of alleged damages to the total of which is $1,593. The plaintiff testified that she never received the July 28 letter until she received the photocopy included with the August 21 letter. She testified that her mother and other members of her family, who lived at the Silver Spring address, were alerted to look out for a letter from the defendant, but they neither received nor forwarded any correspondence from the defendant until the August 21 letter.
The plaintiff contends that the defendant composed the July CT Page 7169 28 letter in August, after the plaintiff had retained an attorney to contact the landlord with respect to her security deposit. Attorney John Turner was retained by the plaintiff at the end of July or in early August. He called the defendant by phone in mid-August, leaving his name and the purpose of his call. It was only after Attorney Turner left his message that the plaintiff received the letter dated August 21, sent by certified mail.
The defendant denied that the July 28 letter was prepared in August. He testified that the letter was prepared and typed on Saturday, July 28, and that he himself personally mailed the letter that day after his secretary typed it. The defendant testified that this was done in accordance with his usual practice of notifying tenants about their security deposits at the end of the thirty-day period after they vacate.
No one but the plaintiff and the defendant testified with respect to the July 28 letter. The testimony of the two parties was directly contrary and the issue must be decided by the credibility of the parties. Ms. Whitfield testified in a straightforward, consistently persuasive manner. The defendant's testimony however is implausible. The ostensible purpose of his August 21 letter was to request payment from the defendant of $63.25, the difference between the alleged cost of repairs and the plaintiff's security deposit. This request was contained in the July 28 letter also and it is difficult to understand why the defendant would make such a diligent effort to pursue an out-of-state defendant for $63., especially after being notified that she had counsel in this state. The implausibility of the defendant's claim supports the plaintiff's contention that the August 21 letter was simply a pretext.
In addition, the court did not find the defendant's testimony persuasive. Although vague about many details, he was inexplicably certain that he himself had mailed the July 28 letter on that very date. His testimony on other matters was at variance with answers to interrogatories he had signed, showing an inconsistency which was also unexplained. The court finds that the defendant failed to notify the plaintiff of an itemization of the damages claimed by the landlord within thirty days after termination of the tenancy as required by Conn. Gen. Stat. 47a-21(d)(2). Accordingly the plaintiff is awarded damages of $2,900., which is twice the value of the security deposit paid by the plaintiff. The plaintiff is entitled in addition to interest on the deposit at the statutory rate of 5 1/4% from June 1, 1989, a total of $231.
The defendant has claimed an award for the repairs allegedly made necessary by the plaintiff's occupancy. However, the court is unable to reach this claim because the defendant has not filed CT Page 7170 a counterclaim or a claim of setoff in this action. The defendant's answer contained only a single special defense, which has been determined adversely to the defendant. The defendant's failure to notify the plaintiff about her security deposit within thirty days of the termination of her tenancy mandates the return of the deposit to the plaintiff as awarded in this decision. The defendant's only other recourse to recover damages would be by way of counterclaim or setoff, but none was filed.
Judgment is entered for $2,900. damages plus interest of $231. and costs of $87. (The cost of transcripts is not a taxable cost under Conn. Gen. Stat. 552-257.)
VERTEFEUILLE, J.